.(C. D. 685)

GREAT LAKES FOUNDRY SAND CO. ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 16, 1942)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: In this action, involving several importations at Buffalo and Rochester of nepheline syenite, the plaintiffs claim that the collector illegally exacted a duty of 30 per centum ad valorem under the provisions of paragraph 214, Tariff Act of 1930, as an earthy or mineral substance, asserting that the merchandise is entitled to free entry under the provisions of paragraph 1775 as sand, manufactured.

At the trial counsel for the plaintiffs offered in evidence the record in the case of *Cronin* v. *United States*, C. D. 293, 4 Cust. Ct. 86. Upon admission by Government counsel that the merchandise herein is in all material respects the same as the merchandise in that case, the record was incorporated with and made a part of this record. Thereupon the plaintiffs rested.

In the *Cronin* case, *supra*, the Government contended that artificially crushed rock does not fall within the definition of sand; that crude sand was the common sand found in nature, consisting almost entirely of silica; that manufactured sand is a kind of sand, which, although manufactured, is substantially the same as crude sand and relates to a material having the composition of common sand; and that an article not shown to have been commonly known by the terms employed without prefix is not classifiable as sand, manufactured.

This court, there reviewing the evidence and citing authorities, found that the term "sand, manufactured" comprehends a material manufactured into sand from crystalline rocks, but excludes materials in the form of sand which have been produced from metalliferous ores or products manufactured and subsequently ground into a sand-like material, or, in other words, that the term "sand, manufactured" is sufficiently broad to comprehend a material manufactured from something other than crude sand, if containing the attributes of sand. The court further found that nepheline syenite was a volcanic rock

containing crystals and that it was composed of 60 per centum silica, 24 per centum alumina, and certain oxides and other elements. Being so composed, it held that nepheline syenite, when ground, comes squarely within the term "sand, manufactured" in paragraph 1775.

In the case now before us, the Government, while still maintaining its position taken in the *Cronin* case, *supra*, [contentions set out above] here contends that the characteristic ingredient of sand is its high free quartz or silica content; that the silica in sand is practically all silicon dioxide and occurs in a free state uncombined with materials other than oxygen.

In this connection two witnesses testified upon behalf of the Government, one a ceramic engineer and salesman connected with the Consolidated Feldspar Corporation, and the other also a ceramic engineer who is executive vice president of the United Feldspar & Minerals Corporation. These witnesses were of the opinion that an article is sand when derived from naturally disintegrated rock and that articles ground into sand-like particles the size of sand is not sand. Both witnesses admitted, however, that commercially such processed articles would be regarded as sand. The witnesses were in agreement in the opinion that the ground material here before us would not be sand because the compounds of silica therein are not the same as the silica of sand, which is combined only with oxygen. Even though in the analysis the expression "silica" appears, the witnesses agreed that the material is in fact not silica but a silicate of aluminum due to the combination of the silica therein with the metal alumina.

A careful consideration of the evidence fails to disclose anything to warrant a different interpretation of the tariff term "sand, manufactured" than announced by this court in the *Cronin* case, *supra*. The evidence introduced herein establishing that nepheline syenite contains silica in combination with elements other than oxygen to form a silicate, together with the opinion of the witnesses that a material containing a silicate may not be regarded as sand, we find to be immaterial in view of the interpretation of the term "sand, manufactured" by the court in *Dana's* case, G. A. 5079, T. D. 23521, more than 40 years ago. In that case furnace or open-hearth sand composed principally of silicate of alumina and small amounts of silicate of iron and magnesia was claimed to be sand. The merchandise was manufactured from silica stone into sand by a process of grinding and screening. The court held that such material was properly classifiable as "sand, manufactured."

For the reasons stated and following our decision in the *Cronin* case, *supra*, we hold that nepheline syenite is properly classifiable as sand, manufactured. Judgment will therefore be entered in favor of the plaintiffs, directing the collector to reliquidate the entries and make refund accordingly.